Good morning, Your Honors, and may it please the Court, my name is Evangeline Abriel, and I represent Mr. David Lopez-Cordona in this case. I would like to reserve two minutes for rebuttal as well. Mr. Lopez asked that this Court reverse the decision of the Board of Immigration Appeals for three reasons. The first is that the Board erred in finding that his convictions for California burglary were particularly serious crimes. We asked you to be prepared to talk about Aguila Montes, which is the case where this Court went on bonk. And isn't that going to decide this issue? I'll be happy to address that, Your Honor. I mean, depending on which way it comes out, isn't that going to be dispositive? I actually think it won't be dispositive, Your Honor, but I'll be happy to explain why. Well, tell me why, because I think I was on Aguila Montes, and I think it will be dispositive one way or the other. Okay. Well, in Aguila Montes, the issue on the on-bonk review is whether the Court can go beyond the categorical approach in a situation where you have a State offense that's missing a generic element of the — an element of the generic offense. And in the panel in Aguila Montes said that you could not, that it was inappropriate to go into the modified categorical approach when you had a missing element situation. The Court has actually decided differently in the United States v. Rodriguez-Rodriguez where the Court did go. It was another conviction under the same California statute, California Penal Code Section 459, the same one that Mr. Lopez was convicted under. And in Rodriguez-Rodriguez, the Court did go beyond the categorical approach and look at the record of conviction to find that there had been an admission of the missing element under California law, which is the unlawful or unauthorized entry. But regardless of how that Aguila Montes is decided, I don't think it will affect Mr. Lopez's case, because even if you go to the modified categorical approach, there's nothing in the record that indicates that he pled guilty to or agreed with the missing element of unlawful entry. However, I'm sorry. Go ahead. Kennedy. There were three, 459-1, guilty pleas. Those are all domestic burglaries. That's correct, Your Honor. You're taking a position that there's not a serious risk of physical injury in a domestic burglary? Your Honor, that would be the consideration for the only issue of whether Mr. Lopez's convictions were crimes of violence that made him removable and barred him from asylum and cancellation of removal. And I think the missing element does make a difference. The missing element of unlawful entry, meaning that you could have a burglary conviction with a consensual entry. The reason why domestic burglary or really any burglary is a crime of violence is because of the risk that the intruder will surprise an occupant or an occupant will surprise an intruder. Well, doesn't that take us right back to Aguila Montes, though? Because if the en banc court, I have no idea. I'm not on it, I don't think. If the en banc court holds, for example, that a residential burglary in California is a crime of violence, notwithstanding this, is across the board a crime of violence, doesn't that have an effect on the outcome in this case? That absolutely would, Your Honor. That was not my understanding of the issue on the en banc review in Aguila Montes. My understanding of that was whether the – I read the parties' briefs. That's the en banc process narrowly. Because when we go en banc, we can revisit precedent. You know, we can say what we want about it. So it can be decided in any number of ways. It can be decided narrowly, broadly. And you're arguing if it's decided narrowly, if it's just the missing element, that you don't think it would affect you. But if it's not decided narrowly, it could affect you. If this Court decides en banc in the Aguila Montes case that California burglary under Section 459 and 460 is a crime of violence despite the – without whether or not going to the modified category. But you're saying it's possible in the 459-1 for the defendant to gain consensual entry into a building with the present intent to commit a felony therein. That would be a burglary. That's correct, Your Honor. And that does not necessarily raise the risk of physical injury. That's correct, Your Honor. Consensual entry. Yes, Your Honor. My argument is that that missing element does make a difference to the extent that a California burglary would no longer be a crime that in the general commission would pose a risk of physical – that physical force would be used in its commission. Well, isn't U.S. v. Becker a problem for you right now? It is a problem, Your Honor. But I think it's – but I don't think it's dispositive for the following reason. The court in Becker was – the argument made by the defendant in Becker was that California burglary under the same statute that Mr. Lopez was convicted under was not a – They called it a particularly serious crime, right, in Becker? No, Your Honor. That's actually another issue in this case. No, Becker dealt with whether the burglary was a crime of violence under the U.S. sentencing guidelines. But the reason I don't think Becker is a problem is that the argument by the defendant in Becker was that California burglary was not a crime of violence because it wasn't generic burglary because it did not – because it allowed for daytime burglaries and didn't limit it to nighttime burglaries. The problem that I'm arguing, the element I'm arguing that's so important is that And the Becker court did treat this. They did deal with this. But they did it in a footnote, and it didn't appear to have been raised by either of the parties and wasn't briefed by anyone so that – Let me follow up on that. Yes. Even if there is inclusion of the crime of burglary in a lawful entry with intent to commit a felony, is it irrational to think that somebody who comes into one's home with the intent to commit a felony, which can be grand theft, something of over $400 in California, that's not going to cause a serious risk of physical confrontation? It's possible that it could, Your Honor, but we're not looking at an individual crime. We have to look at whether in the common occurrence of the offense. Well, but I think if you look at it from just – I mean, look at it from a common sense perspective. If someone's in your house that you don't know, is that good news? I mean, is that – isn't that when people – they go for guns, where they have confrontations, any number of things. That's – it's your home, it's your castle, your safety. And someone that you did not have to – you don't know why they're there, you don't know them, and if you – you know. That's correct, Your Honor. And that's the – And you don't say, what felony are you going to commit, that that will – you know, steal and not rape. Right. Right. Well, Your Honor, that – and that's the reason why California – why residential burglary is considered a crime of violence. But if you take out that element of unauthorized entry, so maybe the person who is not. So if you have a party and one of your guests starts to steal things, you think there's not going to be a risk of confrontation? The risk is considerably lower. It's not – it's not the much more likely risk that you would have with an unauthorized entry. So my argument is that that missing element makes such a difference that California burglary would not necessarily – would not in the ordinary course be a crime of violence. I understand your argument. I think we all do. And you probably want to reserve your remaining minute and a half. I do, Your Honor. And I'll say one more thing and then I'll reserve the rest. Certainly. There are two other major reasons why this case should be reversed. And the first is that Mr. Lovett's convictions were not particularly serious crimes that should have barred him from withholding. And the second is that the Board erred in finding that he had waived his – waived his appeal of deferral of removal when he had raised that issue in his appeal brief to the Board. Thank you, Your Honors. Good morning again. Carrie Monaco for the Respondent, Attorney General Eric Holder. I'd like to address the Court's concerns about Aguila-Montes or the relevance of Aguila-Montes. I do not believe that the missing element rule or the line of cases involving Aguila-Montes or Rodriguez-Rodriguez are at all relevant.  The missing element rule would apply if we were comparing the California statute of burglary to the generic definition of burglary. We're not doing that in this case because Mr. Lopez was not charged with an aggravated felony burglary. If he was, then we would be comparing the California statute to the generic definition of burglary. What he was charged with in this case was an aggravated felony crime of violence, which is defined by 18 U.S.C. 16b, which is the statute that requires that you look at the California statute and determine whether the California statute involves a substantial risk that physical force will be used to commit the crime. This is a different definition of crime of violence than is being applied in Rodriguez-Rodriguez and Aguila-Montes. They – the definition in Rodriguez-Rodriguez and Aguila-Montes is a sentencing guidelines definition that refers to specific crimes such as burglary. But isn't the underlying argument that counsel's making here the same one that's being made there, which is that because there's – under California law, there can be a privileged consented to entry. Everything else falls away. I mean, that is still the underlying reasoning. And the court in Becker already addressed that issue. Sort of. Well, it did in a footnote. It noted that the burglary statute, because it requires the felony to be committed against the dwelling, whether lawful entry or not, because it requires the felony to be committed against the dwelling, no matter what type of entry it is, poses a risk that physical force may be used in the commission of the crime. But since California burglary is at issue in Aguila-Montes, as Judge Callahan says, all of that is up for grabs, presumably. I mean, Becker and everything else that has to do with how one analyzes that statute. I'm not suggesting one way or the other how it's going to come out. But it seems to me awkward at best for us to say we know there's a case pending that's going to answer the question of how we analyze California residential burglaries, but we're going to go ahead and decide it anyway on this case involving California residential burglaries, on the assumption that our existing law won't be changed. I agree that if the Court looks at the California statute and finds that there is, that it changes its rule about the, that there's no categorical match between the California statute and general definition of burglary, then I believe all of my opposing counsel's arguments are moot. If the Court finds that the entry element is irrelevant to whether or not it matches the generic definition of burglary, then I agree it's moot. But if the issue in Aguila-Montez ends up being whether the California statute is a crime of violence under the sentencing guidelines, either under the categorical approach or modified categorical approach, I do not believe that case is relevant because we're not looking at the match. In this case, we're not looking at whether the California statute matches the generic definition of burglary. So just to sum up. Oh, I'm sorry. I don't really quite understand. First you said it was the first two were moot, and then this one doesn't matter. So I didn't – I thought you were going to say in one instance it might have an effect and the other it might not. But then I heard moot doesn't matter. No. I meant that my opposing counsel's arguments would be moot. The premise of her argument is that there's no categorical match between the California statute and the generic definition of burglary. If the Court finds that that's not, in fact, the case and that there is a categorical match, then, yes, I think that that case could affect this case. But I still don't think we're looking at the generic definition of burglary. So it's not – Well, what I didn't understand of what you said. Does the Aguila-Montez ever matter in the outcome of this case? No. No. All right. No. It's a curiosity because both of you are saying that – both of you are saying that no matter how it comes out, each of you has to win. So maybe we should – if – Maybe both of you should be a little more thoughtful. I don't – well, I don't know. I mean, we may be missing something, but it's – No. Maybe my arguments were a little unclear. I don't think that Aguila-Montez is going to be relevant in this case because it doesn't matter whether there's a categorical match. Well, what Judge Graber is saying is you said it won't be relevant and you win. She says it won't be relevant and she wins. You can't both be right. Those are mutually exclusive. Unless the issue is completely off to one side, which I have trouble saying that because they're both – this case and that case are both about whether a California residential burglary is or is not a crime of violence. In a different context. But it just seems to me possible that there would be something said. In my opinion, it's not just a different context of crime of violence. It's a different statutory definition of crime of violence. They're addressing two different definitions of crime of violence. And so the line – But our cases in the past have linked those to some extent. If we were dealing with an aggravated felony burglary, yes, that line of cases would be relevant. Here we're looking at how the INA defines crime of violence. That was the charge that Mr. Lopez was – what he was charged of for removability. So we're looking at the INA definition of crime of violence, which is not the same definition as what we're using in the sentencing guidelines. So it's two different lines of cases dealing with crimes of violence, but different definitions of crime of violence. And in this case, we need to follow the line of cases that deal with the crime of violence definition as used in the INA, which is U.S. v. Becker, already addressing the California Penal Code Section 459 and whether that is a crime of violence under 18 U.S.C. 16b. And the Supreme Court has also addressed burglary under that particular definition in Leocal. They discussed that burglary by definition or residential burglary by definition would fall into that definition of crime of violence because of the – Burglary by its very nature involves a substantial risk that the burglar would use force against the victim in completing the crime. And I think that is broad enough language to cover the consensual as well as the nonconsensual entry. I agree. I agree. I would like to just discuss briefly the particularly serious crime analysis. The Court's jurisdiction is very limited in this regard. The Court cannot look at the ultimate conclusion of whether, in fact, Mr. Lopez's burglary convictions were particularly serious crimes. The Court is limited to the legal questions on whether the immigration judge and the Board of Immigration Appeals applied the correct analysis or used the correct law. In this case, we submit that the immigration judge and the Board of Immigration Appeals did not commit any legal error in evaluating Mr. Lopez's crimes. For similar reasons, why residential burglary involves – is a crime of violence and involves a substantial risk is also relevant to the particularly serious crime analysis. Because residential burglary, by its nature, involves substantial risk that force may be used, puts it into the category of a particularly serious crime just based on the elements alone. The Board of Immigration Appeals, in matter of NAM, expressed that the elements alone may be sufficient to establish particularly serious crime. In this case, first-degree residential burglary, three counts, would seem to fall into the definition of particularly serious crime as used by this Court and the Board of Immigration Appeals. And then to briefly address the pre-conviction report, there's nothing in the record to indicate that that report is unreliable. This Court and the Board have found that any reliable evidence may be used in engaging in particularly serious crime analysis, and for that reason it was appropriate for the Board and the immigration judge to refer to that report in its analysis. And just finally, for the reasons stated in my brief, I believe that the CAT claim was not exhausted. The purpose of exhaustion is to ensure that the Board is aware that someone is appealing an issue. In this case, they were clearly not aware. They explicitly said that they didn't think it was being appealed, and so therefore it's not exhausted. And I see that my time is up, so thank you. It is. Thank you. So, Abriella, you have some rebuttal time. Thank you, Your Honors. I'd like to make three points on rebuttal. And the first one is that my present counsel argued that the Board of Immigration did not consider the elements alone that Mr. Lopes's burglar convictions were particularly serious crimes. And the Court – the Board can do that. The Board says that it can do that in certain – for very serious offenses. But that's not what they did here. They actually looked at all of the factors, and the Board of Immigration Appeals approved the immigration judge's considering of the factors. And under Frantescu in this Court's jurisprudence in Afridi, all those factors have to be considered. Here, they did not consider points that were very important in Frantescu. Another burglary case where the defendant entered a nonoccupied dwelling. Those were the absence of a weapon, the absence of any aggravating circumstances, and no physical injury to anyone. My second point, Your Honor, is that the Board of Immigration Appeals has conflated the particularly serious crime definition with the crime of violence definition. And the problem with this is that the crime of violence looks to the potential for harm in an offense. The particularly serious crime analysis, when you look at the factors under Frantescu – I'm sorry, Your Honors, I see my time is up. May I finish? The Frantescu analysis requires that the circumstances of the individual case be examined. So here, by conflating the factors in this way, the Board looked at the potential for harm in the offenses Mr. Lopez was convicted in to the exclusion of looking at what actually happened, the lack of a weapon, the lack of physical injury, and no other aggravating circumstances. And my time is up, Your Honor, so thank you very much for your time. Thank you, counsel. The case just argued is submitted, and we stand adjourned for this morning's hearing. Thank you, counsel.
judges: Graber, Callahan, Bea